UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONRAI MEMORY LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>        Defendant. | Case No. 6:22-cv-00855<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST MICRON TECHNOLOGY, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Sonrai Memory Ltd. ("Plaintiff" or "Sonrai") makes the following allegations against Defendant Micron Technology, Inc. ("Defendant" or "Micron"):

## INTRODUCTION

1. This complaint arises from Micron's unlawful infringement of the following United States patents owned by Plaintiff: United States Patent Nos. 6,920,527 (the "'527 Patent") and 6,724,241 (the "'241 Patent") (collectively the "Asserted Patents").

## PARTIES

2. Plaintiff Sonrai Memory Limited is an Irish company, having its principal place of business at Suite 23, The Hyde Building, Carrickmines, Dublin 18, Ireland. Sonrai is the sole owner by assignment of all right, title, and interest in the Asserted Patents.

3. On information and belief, Defendant Micron Technology, Inc. is a publicly traded corporation organized under the laws of the State of Delaware, with its principal place of business at 8000 S. Federal Way, Boise, Idaho. Micron may be served with process through its registered agent, CSC – Lawyers Incorporating Service, at 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Micron in this action because Micron has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Micron would not offend traditional notions of fair play and substantial justice. Micron, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Micron has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Micron has regular and established places of business in this District, including at 101 W Louis Henna Blvd, Austin, TX 78728.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,920,527

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 6,920,527, entitled "Portable RAM drive." The '527 Patent was duly and legally issued by the United States Patent and Trademark Office on July 19, 2005. A true and correct copy of the '527 Patent is attached as Exhibit 1.

9. On information and belief, Micron makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation its 9300 SSD with NVMe, 7450 SSD with NVMe, 7400 SSD with NVMe, 7300 SSD with NVMe, 5400 SATA SSD, 5300 SATA SSD, 5210 SATA SSD, 3400 SSD with NVMe, 2450 SSD with NVMe, 2400 SSD with NVMe, 2300 SSD with NVMe, 2210 SSD with NVMe, Crucial P5 Plus with NVMe, Crucial P3 Plus with NVMe, Crucial P3 with NVMe, Crucial P2 with NVMe, Crucial MX500 SATA SSD, Crucial BX500 SATA SSD, Crucial X8 Portable SSD, and Crucial X6 Portable SSD (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '527 Patent. Further identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

10. The Accused Products satisfy all claim limitations of one or more claims of the '527 Patent. A claim chart comparing exemplary independent claim 1 of the '527 Patent to representative Accused Product is attached as Exhibit 2.

11. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Micron has injured Plaintiff and is liable for infringement of the '527 Patent pursuant to 35 U.S.C. § 271.

12. As a result of Micron's infringement of the '527 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Micron's infringement, but in no event less than a reasonable royalty for the use made of the invention by Micron, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,724,241

13. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

14. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 6,724,241, entitled "Variable charge pump circuit with dynamic load." The '241 Patent was duly and legally issued by the United States Patent and Trademark Office on April 20, 2004. A true and correct copy of the '241 Patent is attached as Exhibit 3.

15. On information and belief, Micron makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation Micron's 176L 3D NAND Flash chips, products containing Micron's 176L 3D NAND Flash chips, and other Flash chips and products containing the same with substantially similar charge pumps (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '241 Patent. Further identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

16. The Accused Products satisfy all claim limitations of one or more claims of the '241 Patent, including via functionality within the NAND Flash die. A claim chart comparing exemplary independent claim 1 of the '241 Patent to representative Accused Product is attached as Exhibit 4.

17. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Micron has injured Plaintiff and is liable for infringement of the '241 Patent pursuant to 35 U.S.C. § 271.

18. As a result of Micron's infringement of the '241 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Micron's infringement, but in no event less than a reasonable royalty for the use made of the invention by Micron, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Micron has infringed, either literally and/or under the doctrine of equivalents, the '527 Patent and the '241 Patent;

b. A judgment and order requiring Micron to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Micron's infringement of the '527 Patent and the '241 Patent;

c. A judgment and order requiring Micron to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

d. A judgment and order requiring Micron to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not

colorably different from the Accused Products;

  e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Micron; and

  g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 16, 2022

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff Sonrai Memory Ltd.*