UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONRAI MEMORY LTD., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC. <br><br> Defendant. | Case No. 6:22-cv-855-FB |

**MOTION TO RELATE AND REASSIGN CASE**

## I. INTRODUCTION

Plaintiff Sonrai Memory Ltd. files this Motion seeking an order relating the instant case ("Micron Case") to the case styled as *Sonrai Memory Ltd. v. Apple Inc.*, 6:22-cv-787-ADA (W.D. Tex.) ("Apple Case"), and reassigning the Micron Case to the same judge that is presiding over the Apple Case, Judge Albright. Courts commonly relate cases with overlapping issues and reassign them to the same judge to promote efficiency, avoid duplicative efforts, and minimize the prospect of conflicting results. Sonrai respectfully submits that these considerations necessitate case relation and reassignment here.

## II. ARGUMENT

In both the Micron and Apple Cases, Sonrai asserts U.S. Patent No. 6,724,241 ("'241 Patent"). *See* Dkt. No. 1 ("Micron Complaint"); Ex. A[1] ("Apple Complaint") ¶¶ 1, 13-18. In addition, there is overlap among the products and functionalities accused of infringement in these cases—in both the Micron and Apple Cases, Sonrai is accusing products with NAND flash memory of infringing the '241 Patent. *See* Micron Complaint ¶ 15; Apple Complaint ¶ 15. As a result of the overlapping asserted patent and types of accused products, the presiding judge in each of these cases will need to consider many of the same or substantially similar issues. For example, claim construction and validity of the '241 Patent will be at issue in both the Micron and Apple Cases, and given the similarity of the infringement assertions, there will likely be similar factual issues for the Court to consider, whether at the summary judgment stage or at trial.

Courts routinely relate cases involving common patents and issues, as is the case here, because "[h]aving two different judges govern discovery disputes and construe claims in the same

---

[1] Citations to exhibits are to the exhibits of the concurrently files Declaration of Amy E. Hayden in Support of Plaintiff's Motion to Relate and Reassign Case.

patents would be an unduly burdensome duplication of labor and raise the danger of conflicting results." *Fin. Fusion, Inc. v. Ablaise Ltd.*, No. 06-cv-2451, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006); *see also, e.g.*, *Ideative Prod. Ventures, Inc. v. Hewlett Packard Co.*, No. 4:14-cv-00021-RC, Dkt. No. 9 (E.D. Tex. Feb. 25, 2014) (Ex. B) (reassigning seven cases filed by the same plaintiff to the same judge as an earlier filed patent case "for coordinated case management in an effort to promote judicial efficiency"); *Juul Labs Inc. v. Guangdong Cellular Workshop Elec. Tech. Co.*, No. 20-cv-04617, Dkt. No. 19 (N.D. Cal. Sept. 1, 2020) (Ex. C) ("The Court determined that these cases are related because they involve the same patents, and accordingly the Court *sua sponte* relates these actions and directs that they be reassigned to the [same] judge."); *Altera Corp. v. Papst Licensing GmbH & Co.*, No. 14-cv-04794, Dkt. No. 25 (N.D. Cal. Feb. 19, 2015) (Ex. D) (granting motion to relate two cases and noting that "[b]oth actions at issue involve the same patents").

Moreover, Judge Albright is already intimately familiar with the '241 Patent asstered in both the Apple and Micron Cases as well as the other patent asserted in the Micron Case, U.S. Patent No. 6,920,527 ("'527 Patent"). Indeed, thirteen cases involving one or both of these patents are or have been before Judge Albright. *See* Dkt. No. 5.[2] Judge Albright has already issued a claim construction ruling in numerous of those cases, construing four terms of the '241 Patent and five terms of the '527 Patent. Ex. E. And in another case, he referred claim construction issues to Magistrate Judge Gilliland, who also construed five '527 Patent terms. Ex. F. To the extent that

---

[2] Aside from the Apple Case and Case No. 6:21-cv-01284-ADA, the other cases listed on the Notice of Related Cases have been or soon will be dismissed as a result of settlement. Sonrai therefore does not request relation to those other soon-to-be-dismissed matters. And because the -01284 case has preceded past claim construction, relation to this case would not serve any additional benefit over relation to only the Apple Case; Sonrai therefore does not request relation to the -01284 matter.

the parties have objections to that order, Judge Albright will review those objections and consider whether to adopt the magistrate's constructions in whole or in part. Having a different judge consider these same claim construction issues anew is contrary to principles of judicial efficiency and risks inconsistent *Markman* results.

Finally, like the instant Micron Case, the Apple Case was only recently filed and a scheduling order has not yet been entered. *See* Ex. A. If this case is related to the Apple Case and reassigned to Judge Albright, Sonrai would strive to work with Micron, Apple, and the Court to have these cases proceed on the same pre-trial schedule, including having consolidated claim construction proceedings. Such efficient case management would not be possible if these cases were to proceed before different judges.

### III.  CONCLUSION

In sum, Sonrai respectfully requests that the instant Micron Case be related to the Apple Case, and that the Micron Case be reassigned to Judge Albright.

Dated: September 1, 2022                              Respectfully submitted,

*/s/ Amy E. Hayden*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

***Attorneys for Plaintiff Sonrai Memory Limited***

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that conference pursuant to Local Rule CV-7(G) was not possible. Micron has not yet appeared in this case, and the undersigned is otherwise unaware of what attorney or attorneys are or will be representing Micron in this matter. As noted below, Micron will be served as required by Fed. R. Civ. P. 5(b), which will afford Micron a full and fair opportunity to respond to this motion.

*/s/ Amy E. Hayden*
Amy E. Hayden

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on September 1, 2022 with a copy of this document via the Court's ECF system. Micron has not yet appeared in this case. Micron will be served as required by Fed. R. Civ. P. 5(b), and an additional Certificate of Service will be filed within a reasonable time after service as required by Fed. R. Civ. P. 5(d)(1)(B)(i).

*/s/ Amy E. Hayden*
Amy E. Hayden