UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONRAI MEMORY LTD., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., <br><br> Defendant. | Case No. 6:22-cv-00855-FB <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF SONRAI MEMORY LTD.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO RELATE AND REASSIGN THE CASE**

## **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  THE INSTANT CASE SHOULD HAVE BEEN DIRECTLY ASSIGNED TO
     JUDGE ALBRIGHT ........................................................................................................ 1

III. CONSERVATION OF JUDICIAL RESOURCES WARRANT REASSIGNMENT 2

IV.  SONRAI'S ALLEGED MOTIVATION IN SEEKING REASSIGNMENT ............... 3

V.   CONCLUSION ................................................................................................................ 4

## TABLE OF AUTHORITIES

**Cases**

*Sonrai Memory Ltd. v. Western Digital Techs., Inc.*,
    No. 6:21-cv-01168-ADA, 2022 WL 3108818 (W.D. Tex. Aug. 4, 2022) ................................. 3

**Statutes**

28 U.S.C. § 137 ........................................................................................................................ 1

## I. INTRODUCTION

Reassignment of the instant case conserves judicial resources, promotes efficiency, and minimizes the prospect of conflicting results. Dkt. No. 8 ("Br.") at 1-3. In its Opposition (Dkt. 16, "Opp."), Micron asserts that reassignment of the instant case to Judge Albright is not warranted because: (i) the Apple case involves only one of the two Patents-in-Suit[1] and none of the same accused products; (ii) the motion is an attempt to improperly "Judge shop"; and (iii) Sonrai may be motivated by the potential avoidance of a stay. Micron's arguments are misplaced and should be rejected.

## II. THE INSTANT CASE SHOULD HAVE BEEN DIRECTLY ASSIGNED TO JUDGE ALBRIGHT

As an initial matter, Chief Judge Garcia, exercising his authority under 28 U.S.C. § 137 in the July 25, 2022 *Order Assigning Patent Cases*, ordered all patent cases filed thereafter in the Waco Division to be randomly assigned to one of twelve judges. *See* Opp., Ex. 5. The Waco Division became a multi-judge division with respect to patent cases. Furthermore, Section IV.A of the May 28, 2003 *Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Division*s ("Direct Assignment Order"), attached hereto as Ex. G,[2] mandates that "[i]f at the time of filing, the civil cover sheet (Form JS-44), indicates that the case is related to an earlier numbered pending case, the Clerk shall assign the case to that judge." In the civil cover sheet for the instant case, Sonrai referred to the *Notice of Related Cases*, which was filed concurrently with the Complaint. *See* Ex. H, Section VIII. The *Notice of Related Cases* identified thirteen cases, all of

---

[1] The "Patents-Suit" are U.S. Patent No. 6,724,241 ("the '241 Patent") and U.S. Patent No. 6,920,527 ("the '527 Patent").

[2] Citations to exhibits in this brief are to the exhibits of the concurrently filed Declaration of Brett Cooper in Support of Plaintiff's Reply to Motion to Relate and Reassign Case.

which were or had been pending under Judge Albright.³ *See* Ex. I. Following the Direct Assignment Order, the instant case should have been directly assigned to Judge Albright.

## III. CONSERVATION OF JUDICIAL RESOURCES WARRANTS REASSIGNMENT

Apart from the District's direct assignment requirement for related cases, basic judicial economy dictates that the instant case should be reassigned to Judge Albright. There are presently three active cases involving the two Patents-in-Suit—the instant case, the case against Apple, Inc.⁴ (No. 6:22-cv-00787-ADA), and the case against Kingston Technology Company, Inc. (No. :21-cv-001284-ADA). The Apple and Kingston cases are both pending before Judge Albright. While the instant case and the Apple case share only a single common asserted patent, the '241 Patent, there is complete overlap in patents asserted in the Kingston case.⁵ Micron argues that "this case is distinguishable from the cases Sonrai cites, where there was complete overlap in asserted patents." Opp. at 3. Micron is incorrect. There is complete overlap between the patents presently asserted before Judge Albright and the Patents-in-Suit.

As noted in the opening brief, Judge Albright has already tackled claim construction on

---

³ The case against Dell Technologies, Inc., No. 1:22-cv-00487-LY, was transferred from the Waco Division to the Austin Division on April 20, 2022 and reassigned to Judge Yeakel. *See* Exs. J, Order Granting Defendant Dell Technologies Inc.'s Unopposed Motion for Intra-District Transfer of Venue, *Sonrai Memory Ltd. v. Dell Technologies, Inc.*, No. 1:22-cv-00487-LY, Dkt. 54 (W.D. Tex. Apr. 20, 2022), and K, Order for Initial Pretrial Conference before Judge Yeakel, *Sonrai Memory Ltd. v. Dell Technologies, Inc.*, No. 1:22-cv-00487-LY, Dkt. 58 (W.D. Tex. Jun. 16, 2022).

⁴ In its motion, Sonrai asks the Court to relate the instant case to only the Apple case because of the similar schedule postures of both actions. *See* Opp. at 2, n.2. The two cases were filed within just over a month of each other, Apple on July 15, 2022 and the instant case on August 16, 2022. The Kingston case has been pending since late 2021.

⁵ The complaint against Kingston included allegations of infringement of both the '241 and '527 Patents. The claims involving the '241 Patent were severed and stayed pending the resolution of the cases against Kioxia Corporation and Western Digital Corporation. *See Sonrai Memory Ltd. v. Kingston Technology Co., Inc.*, No. 6:21-cv-01284-ADA, Dkt. No. 60 (W.D. Tex. Feb. 23, 2022).

both of the Patents-in-Suit.  *See* Br. at 2, n.2.  For claim construction related to the '527 Patent in the Kingston case, Judge Albright assigned the task to Magistrate Judge Gilliland who issued a claim construction memorandum on August 23, 2022.  *See Sonrai Memory Ltd. v. Kingston Technology Co., Inc.*, No. 6:21-cv-01284-ADA, Dkt. 79 (W.D. Tex. Aug. 23, 2022).  Kingston has not filed objections to that memorandum and claim construction is complete.  Claim construction in the Apple -787 case is forthcoming.  There is no compelling reason why this Court should engage in a duplicative effort.

Micron further argues that the instant case will require individualized attention as compared to the Apple case, Opp. at 3-4, but this argument misses the point.  Distinct infringement analyses for different products will undoubtedly occur regardless of the judge to which the case is assigned, but the more pertinent question is why multiple Courts should familiarize themselves with issues regarding the same types of products related to the same patent claims at the same time.  Micron's argument also ignores the issues of validity, where common analyses are likely to abound.  Again, there is simply no need for such duplicative effort.  Micron's assertion that Sonrai's motion is an attempt at forum shopping ignores these basic issues regarding judicial resources.  This is not a case of first impression in the district and the judicial economy gained by reassignment is a prime consideration.  This is not an attempt to "Judge shop."

## IV.   SONRAI'S ALLEGED MOTIVATION IN SEEKING REASSIGNMENT

Finally, Micron asserts that "Sonrai's efforts to reassign this case may be motivated in part to avoid a stay pending *inter partes* review (IPR)," Opp. at 7, because Judge Albright has had a reluctance to grant such stays.  In doing so, Micron neglected to note that Judge Albright had stayed one of the previous cases brought by Sonrai pending the outcome of the instituted IPR's involving the Patents-in-Suit.  *See Sonrai Memory Ltd. v. Western Digital Techs., Inc.*, No. 6:21-

3

cv-01168-ADA, 2022 WL 3108818, at *3 (W.D. Tex. Aug. 4, 2022).  Micron's concerns are therefore misplaced.

V. **CONCLUSION**

Based on the foregoing, Sonrai respectfully requests that the instant case be reassigned to Judge Albright and related to the Apple case.

Dated:  September 22, 2022

Respectfully submitted,

By: */s/ Brett E. Cooper*

Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100
Fax: (646) 293-2201

***Attorneys for Plaintiff Sonrai Memory Ltd.***

**CERTIFICATE OF SERVICE**

I certify that this document is being served upon all counsel of record through the Court's CM/ECF system.

*/s/ Brett E. Cooper*
Brett E. Cooper