IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONRAI MEMORY LTD., | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. WA-22-CV-855-FB |
| | § |
| MICRON TECHNOLOGY, INC., | § |
| | § |
| Defendant. | § |

## ORDER GRANTING MOTION TO RELATE AND REASSIGN CASE

Before the Court is the Motion to Relate and Reassign Case (docket #8); Micron's Response in Opposition to Sonrai's Motion to Relate and Reassign Case (docket #16); and Plaintiff Sonrai Memory Ltd.'s Reply Brief in Support of Its Motion to Relate and Reassign Case (docket #17). On August 16, 2022, the above styled and numbered cause was filed and assigned to the docket of the undersigned concerning "United States patents owned by Plaintiff: United States Patent Nos. 6,920,527 (the "'527 Patent") and 6,724,241 (the "'241 Patent") (collectively the "Asserted Patents")." Complaint for Patent Infringement Against Micron Technology, Inc., docket #1 at page 1. A month earlier, on July 15, 2022, Plaintiff filed a case against Apple Inc. concerning "United States patents owned by Plaintiff: United States Patent Nos. 6,874,014 (the "'014 Patent") and 6,724,241 (the "'241 Patent") (collectively the "Asserted Patents")," which was assigned to United States District Judge Alan Albright. Complaint for Patent Infringement Against Apple Inc., in case number WA-22-CV-787, docket #1 at page 1. In its motion, Plaintiff seeks an order from this Court reassigning the instant case to "the same judge that is presiding over the Apple Case, Judge Albright," because "Courts commonly relate cases with overlapping issues and reassign them to the same judge to promote efficiency, avoid duplicative efforts, and minimize the prospect of conflicting results." Motion to Relate and Transfer Case, docket #8 at page 2. Plaintiff asserts "that these considerations necessitate case relation and reassignment here." *Id.*

In support of its motion, Plaintiff explains that in both the *Micron* and *Apple* Cases, Sonrai asserts infringement of U.S. Patent No. 6,724,241 ("'241 Patent"). In addition, Plaintiff contends "there is overlap among the products and functionalities accused of infringement in these cases—in

both the *Micron* and *Apple* Cases, Sonrai is accusing products with NAND flash memory of infringing the '241 Patent" as reflected in paragraph 15 in both Complaints. *Id.* (Italics added).

In response, Defendant Micron Technology, Inc. (Micron) asks this Court to deny the transfer because: (1) Micron believes the transfer and joinder with the *Apple* case will not "'promote efficiency, avoid duplicative efforts, [or] minimize the prospect of conflicting effort'" due to the fact that none of the same accused products are involved and only one of the same patents is involved; and (2) "it is a transparent attempt to improperly 'Judge shop' within this District, contrary to the spirit of Chief Judge Garcia's recent order," and although "Judge Albright has played a key role in shaping the advancement of patent-related jurisprudence, Sonrai's attempt to steer its case to a specific judge is the exact kind of conduct U.S. Supreme Court Chief Justice Roberts and U.S. Senators have condemned." Micron's Response, docket #16 at page 1.

In Reply, Plaintiff asserts all of the Defendant's arguments are misplaced and should be rejected because: (1) this case should have been directly assigned to Judge Albright at the time of filing; (2) the conservation of judicial resources warrants reassignment; and (3) Defendant's speculative theory concerning the reluctance of a stay by Judge Albright as a motivating factor for seeking a transfer is negated by the fact that one of Plaintiff's previous cases was stayed pending IPR. Plaintiff offers additional arguments as to its first two assertions.

With respect to its first argument, Plaintiff recognizes that then-Chief Judge Garcia ordered all patent cases filed in the Waco Division on or after July 25, 2022, be randomly assigned to one of twelve named district judges. However, Plaintiff cites to the Direct Assignment of Civil Cases to the Calendar of a Judge, at Section IV., Subpart A - Related Cases, of the May 28, 2003 Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions ("Direct Assignment Order"), which "mandates that '[i]f at the time of filing, the civil cover sheet (Form JS-44), indicates that the case is related to an earlier numbered pending case, the Clerk shall assign the case to that judge.'" Reply, docket #17 at page 4, Exhibit G. Plaintiff states that in the instant case, the civil cover sheet Form JS-44 referred to the concurrently filed Notice of Related Cases which identified

thirteen cases, all of which were or had been pending with Judge Albright. Based on this information, Plaintiff maintains this case should have been directly assigned to Judge Albright.

Notwithstanding its direct assignment argument, Plaintiff also argues that basic judicial economy dictates its motion to reassign should be granted. As set forth in the Reply, Plaintiff contends:

> There are presently three active cases involving the two Patents-in-Suit—the instant case, the case against Apple, Inc. (No. 6:22-cv-00787-ADA), and the case against Kingston Technology Company, Inc. (No. [6]:21-cv-001284-ADA). The Apple and Kingston cases are both pending before Judge Albright. While the instant case and the Apple case share only a single common asserted patent, the '241 Patent, there is complete overlap in patents asserted in the Kingston case. Micron argues that "this case is distinguishable from the cases Sonrai cites, where there was complete overlap in asserted patents." Opp. at 3. Micron is incorrect. There is complete overlap between the patents presently asserted before Judge Albright and the Patents-in-Suit.
>
> As noted in the opening brief, Judge Albright has already tackled claim construction on both of the Patents-in-Suit. See Br. at 2, n.2. For claim construction related to the '527 Patent in the Kingston case, Judge Albright assigned the task to Magistrate Judge Gilliland who issued a claim construction memorandum on August 23, 2022. *See Sonrai Memory Ltd. v. Kingston Technology Co., Inc.*, No. 6:21-cv-01284-ADA, Dkt. 79 (W.D. Tex. Aug. 23, 2022). Kingston has not filed objections to that memorandum and claim construction is complete. Claim construction in the Apple -787 case is forthcoming. There is no compelling reason why this Court should engage in a duplicative effort.
>
> Micron further argues that the instant case will require individualized attention as compared to the Apple case, Opp. at 3-4, but this argument misses the point. Distinct infringement analyses for different products will undoubtedly occur regardless of the judge to which the case is assigned, but the more pertinent question is why multiple Courts should familiarize themselves with issues regarding the same types of products related to the same patent claims at the same time.
>
> Micron's argument also ignores the issues of validity, where common analyses are likely to abound. Again, there is simply no need for such duplicative effort. Micron's assertion that Sonrai's motion is an attempt at forum shopping ignores these basic issues regarding judicial resources. This is not a case of first impression in the district and the judicial economy gained by reassignment is a prime consideration. This is not an attempt to "Judge shop."

*Id.* at pages 5-6.

Based on the foregoing and the arguments and authorities presented by the Plaintiff in its Motion and Reply and pursuant to the Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions, the undersigned finds this case is related to the *Sonrai Memory Ltd.* case

currently pending before the Honorable Alan D. Albright (6:22-cv-787), and should be transferred to the docket of Judge Albright as related and to alleviate duplication of effort and in the interest of judicial economy.

Accordingly, IT IS HEREBY ORDERED that the Motion to Relate and Reassign Case (docket #8) is GRANTED such that the above styled and numbered cause, *Sonrai Memory Ltd. v. Micron Technology, Inc.*, 6:22-CV-855-FB, is TRANSFERRED and REASSIGNED to the docket of the Honorable Alan D. Albright with his consent and for all purposes.

It is so ORDERED.

SIGNED this 16th day of March, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE