## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **SONRAI MEMORY LIMITED,** | § | |
| *Plaintiff* | § | |
| | § | |
| **-vs-** | § | **W-22-CV-00855-ADA** |
| | § | |
| **MICRON TECHNOLOGY, INC.,** | § | |
| *Defendant* | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER TO THE AUSTIN DIVISION

Before the Court is Defendant Micron Technology Inc.'s ("Micron's") Opposed Sealed Motion to Transfer to the District of Idaho or the Austin Division. ECF No. 30. Plaintiff Sonrai Memory Limited, ("Sonrai") opposes the motion. ECF No. 59. Micron replied to further support its motion. ECF No. 66. After careful consideration of the parties' briefs and the applicable law, the Court **DENIES** Micron's Motion to Transfer to the District of Idaho, but **GRANTS** Micron's request to transfer to the Austin Division.

### I.      FACTUAL BACKGROUND

Sonrai accuses Micron of infringing U.S. Patent No. 6,920,527, which relates to a portable RAM drive, and U.S. Patent No. 6,724,241, which relates to a variable charge pump circuit with dynamic load.ECF No. 1, ¶¶ 7-18; ECF No. 30 at 5. Sonrai is an Irish company. ECF No. 1, ¶ 2. Its principal place of business is in Dublin, Ireland. *Id.* Micron is a Delaware corporation with a principal place of business in Boise. ECF No. 30 at 5. Micron does maintain an office in Austin. ECF No. 1, ¶ 6. Specifically, Sonrai accuses multiple products of infringing the '527 patent. These include the 9400 SSD with NVMe, 9300 SSD with NVMe, 7450 SSD with NVMe, 7400 SSD with NVMe, 7300 SSD with NVMe, 5400 SATA SSD, 5300 SATA SSD, 5210 SATA SSD, 3400 SSD

1

with NVMe, 2550 SSD with NVMe, 2400 SSD with NVMe, 2300 SSD with NVMe, 2210 SSD with NVMe, Crucial P5 Plus with NVMe, Crucial P3 Plus with NVMe, Crucial P3 with NVMe, Crucial MX500 SATA SSD, Crucial BX500 SATA SSD, Crucial X8 Portable SSD, and Crucial X6 Portable SSD devices of infringing the Asserted Patent ("Accused Products"). ECF No. 59 at 8. The specific features accused SSDs includes the "read flow process" of their memory controllers. ECF No. 1-2 at 9-10. ("Accused Features"). *Id.* Further, Sonrai accuses Micron's 176L 3D NAND Flash chips, products containing Micron's 176L 3D NAND Flash chips, and other Flash chips and products containing the same with substantially similar charge pumps of infringing the '241 patent. ECF No. 1, ¶ 15.

Micron filed this motion to transfer. ECF No. 30. Micron does not argue that the Western District of Texas ("WDTX") is an improper venue for this case; instead, it argues that the District of Idaho is a more convenient forum, pointing to the location of potential witnesses, the location of relevant records, availability of compulsory process, other practical problems, and the local interest in Idaho. *Id.* Sonrai contends that the case should remain in the WDTX, pointing to, among other factors, Micron's presence in the WDTX, the location of relevant witnesses, sources of proof, and third party witnesses. ECF No. 59. Further, Micron argues alternatively (and Sonrai agrees) that the Austin Division of the Western District of Texas would be more convenient than the Waco Division. ECF No. 30; ECF No. 59.

## II.   LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id.* "Section 1404(a) is intended to place discretion in the district

court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient"

is not the same as the "clear and convincing" standard, the moving party must still show more than

a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267,

at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that

a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In

re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

## III.    DISCUSSION

### A.  Motion to Transfer

The threshold determination in the § 1404(a) analysis is whether this case could initially

have been brought in the destination venue—the District of Idaho. Neither party disputes that

venue could be proper in the District of Idaho. Micron's principal place of business is in Idaho.

ECF No. 30 at 6; ECF No. 59 at 8. This Court therefore finds that venue would have been proper

in the District of Idaho had the suit originally been filed there. Thus, the Court now analyzes the

private and public interest factors to determine whether the District of Idaho is a clearly more

convenient forum than the WDTX.

### B.  Private Interest Factors

#### i.    *The Cost of Attendance and Convenience for Willing Witnesses*

The most important factor in the transfer analysis is the convenience of the witnesses. *In

re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the

distance between a current venue and a proposed venue is more than 100 miles, the inconvenience

to witnesses increases in direct relationship to the additional distance they must travel if the matter

is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as

the Federal Circuit has stated that courts should not apply the rule "rigidly" in some cases where

witnesses would be required to travel a significant distance no matter what venue they testify in.

*In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen*

*II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at * 4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342. When analyzing this factor, the Court should consider all potential witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

According to Micron, *all* the relevant witnesses are based either and that it is *not aware* of any relevant witnesses in WDTX. ECF No. 31 at 1-3. Parties identify potential witnesses in Idaho, WDTX, the rest of the United States, and willing third-party witnesses. ECF No. 30; ECF No. 59. Each group of witnesses will be discussed below.

    1. <u>Micron's Employees in Idaho</u>

To start with, Micron vaguely alleges that "for the '527 patent, Micron's technical witnesses are in Boise and elsewhere (but not Texas)." ECF No. 30 at 7. Micron alleges that technical witnesses in Idaho that have the most relevant information are as follows: ███████, the Director SSD Firmware and ███████, a Distinguished Member of Technical Staff. ECF No. 35-1 at 2. For ███████, Micron submits a declaration indicating what relevant information he has related to the firmware of the accused SSDs. ECF No 35-2. However, Micron does not even discuss the potential relevant information that ███████ has, other than a heading generally alleging he is knowledgeable about the Micron SSD Firmware. *See generally* ECF No. 30; ECF No. 35-1. Micron further alleges that ███████ and ███████ (also located in Idaho)

have relevant knowledge about Micron's sales of the sets of accused products. *See* ECF No. 30 at 8; ECF No. 66 at 3-4. Again, Micron does no specific analysis or facts of what either employee is knowledgeable about. Sonrai responds that Micron has only provided prima facie relevance of one employee: ███████, who indicates that he is the Director of SSD Firmware. ECF No. 59 at 10-11. They argue that ███████ and ███████ did not submit declarations about what they are knowledgeable about and the only information about what they know is in the headings in the Appendix. *Id.* Further, ███████ declaration only indicates that he is a "Business Development Manager at Micron Technology" and does not indicate that he works with SSD products. *Id.* Micron responds that there is no reason to doubt their representations about the knowledge of the identified employees and that declarations are not required to prove relevance. ECF No. 66 at 3-4.

The Court is in a challenging position because as specified by the Federal Circuit, the Court may exclude employees that parties are "not at all specific about what testimony it expected to elicit" from an employee or even if that employee "possesses knowledge of the facts relevant to this infringement action". *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021). Here, Micron is making the most bare of allegations for both ███████ and ███████. There is only a bare allegation by Micron that they have relevant information (and not even in the body of Micron's motion, but hidden in an Appendix). The Court finds that this is insufficient to show that these witnesses might be relevant at trial. ███████ title is Senior Manager, TPM –Client, and the Court has no idea (or guidance from Micron) about the specific information he has, or even that he works with the Accused Products/technology. Similar to pointing to a LinkedIn profile with no indication of relevance, the Court is not in a position to make that determination. In the same way, the Court is unable to ascertain the relevance of ███████ who is a "Distinguished Member of Technical Staff". Micron is a large company that has many products and product lines, and this provides the Court with no indication of the specific, relevant, information that he might provide.

The Court reminds Micron that it is their burden to show the relevance of these witnesses and what information they possess.

However, the Court can ascertain that ███████ is relevant because his title is "SSD Business Development Manager" and his declaration concerns facts regarding the SSDs and where they are sold. ECF No. 31; ECF No. 30 at 8. Further, it is undisputed that ██ ██████i has relevant information.

The relevant consideration here is "the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, 2021 WL 4427899, at * 4. Thus, the Court finds the presence of the two witnesses ████████ and ████████) in the District of Idaho favors transfer.

## 2. Micron's Relevant Witnesses in WDTX

Micron strongly alleges that any employees that may exist in Austin, Texas are decidedly not relevant. First, they argue that Austin and Allen Texas employees only represent ██ of Micron's employees in the United States. ECF No. 30 at 8-9. Further they argue that sales and marketing employees in Texas are also not relevant because Micron does not market the features Sonrai accuses. Finally, they state that the SSD-software engineers identified in *Katana Silicon Technologies LLC v. Micron Technology Inc.*, no longer work at Micron. No. 1:22-cv-00214- LY, ECF No. 14 at 10 (W.D. Tex. June 6, 2022). *See also* ECF No. 30 at 9.

In response, Sonrai identifies 6 Micron engineers that work in WDTX and have relevant knowledge regarding read/write speeds of SSDs which Sonrai contends is highly relevant to the invention. ECF No. 59 at 8. It identifies ████████, Director of Storage Solutions Architecture; ████████, Principal Storage Solutions Engineer; ████████, Storage Solutions Engineer, ████████, Principal Storage Solutions Engineer; ████████, Senior Systems Performance Engineer; and ████████, SMTS systems Performance

Engineer. Micron argues that these engineers are irrelevant, and that testing is not pertinent to any issues in this case. ECF No. 66 at 2. They argue that Sonrai does not tether read/write speed to the claim language itself. *Id.* Further, they indicate that it is not relevant to damages, and testing witnesses would be duplicative of already produced testing documents. *Id.* at 2-3.

However, the Court finds that these employees are all relevant to the accused technology. The background of the patent specifically identifies "read/write speeds of SSDs" as highly relevant as a key patented invention, which improves over portable storage mediums that were "slow to read and write, the patent goes on to say that "an improved portable memory device [the invention] is desired." ECF No. 59 at 8; ECF No. 1-01 ('527 Patent) at col. 1:29-36. This shows that the invention was *explicitly* directed towards improving/the speed of memory storage (regardless of Plaintiff pointing to explicit claim language). This is important for infringement, invalidity, and potentially damages, and is highly relevant to the instant case.

In addition, Plaintiff provides ample information that the employees have relevant information and backgrounds to the instant suit and the testing information discussed above. The Court goes through each witness in turn. ████████, who leads a team which "specifically tested the accused Micron 7450 and 9400 accused SSD products." ECF No. 59 at 8-9. The Court finds that this witness is relevant. Not only does this show knowledge of the relevant testing, but also deep knowledge of the functionality of the products and oversight of the team that works on the testing functionality.

████████ "[d]evelop[s] automated performance testing," and works with "high performance NVMe and SATA SSDs" and worked on projects showing that the "trick to great EC performance is a fast NVMe SSD like the [accused] 7450" and that the accused "9400 provides 2.3x the overall throughput with as low as 1/3 of the latency." *Id.* The Court finds that ████████

has relevant information about the engineering/design aspect of getting better performance in the accused SSD devices, not simply the testing.

███████████ currently a Storage Solutions Engineer, was previously a Micron SSD Firmware Test Engineer from 2017, and worked on a project that demonstrated that the accused "Micron 9400 not only achieves extremely high IOPs and throughput but also serves this performance at very low latency," beating "leading competitive NVMe SSD latencies by up to 50%." *Id.* The Court also finds ██████ a relevant witness, specifically he is a *firmware* engineer (which both parties agree is relevant to the instant case and technology). Additionally, while he does testing, he will be able to give additional insight into the operation of the firmware in the accused SSDs (which is highly relevant).

███████████ a Principal Storage Solutions Engineer since 2015, specifically presented Micron's performance results for the accused 7450 NVMe SSD at the 2022 Supercomputing conference in Dallas, Texas. *Id.* at 9. Additionally, ███████████ also worked on a project showing that the "Micron Technology 9400 NVMe SSD is insanely fast on Aerospike database." *Id.* The Court finds that this witness is relevant. Specifically, not only does he have technical knowledge and information regarding the accused functionality in the accused product, but he worked on behalf of Micron to present testing results (and also likely reasons for those test results including SSD architecture) to the public in Dallas.

███████████ Senior Systems Performance Engineer since 2022, "measured the impact of GPU Direct Storage with the newly launched [accused] 9400 NVMe SSD," showing "~20% lower response time + higher performance for the 9400." The Court finds that this witness is relevant too. ██████████ has insight into engineering, design, and testing of the some of the accused products and practical insight into the important features identified above.

██████ is a Smts Systems Performance Engineer and has been since 2015. ECF No. 59 at 10. He indicates that he "performs performance analysis on application workloads against various solutions" and provides "[w]hite papers . . . to the technical marketing team to publish external collaterals." *Id.* Further, he has worked on projects related to the 9300 and 9400 SSDs. *Id.* The Court finds that ██████ has relevant information and is a potentially relevant trial witness. The technical knowledge he possesses regarding the patented inventive contribution of increasing read/write speeds of the accused SSDs is highly relevant.

The Court also notes that the size of an office is not relevant to if employees might be potential witnesses, rather the knowledge that the employees have matter in determining if they might be relevant witnesses. As specified by the Federal Circuit, the Court may exclude employees that parties are "not at all specific about what testimony it expected to elicit" from an employee or even if that employee "possesses knowledge of the facts relevant to this infringement action". *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021).

The Court concludes that the WDTX is a more convenient forum than the District of Idaho for the Micron's Austin-based technical employees. The Austin-based employees would only have to make a short drive to attend trial in Waco. That said, if the case were transferred to the District of Idaho, Micron's Austin-based employees would have to fly to another state and "be away from their homes and work for an extended period of time." *In re Google, LLC*, 2021 WL 4427899, at * 4. The Court finds that the presence of 6 employees in Austin weigh against transfer.

3. <u>Micron's Employees in the rest of the United States</u>

Micron points to a couple employees in Northern California. First, ██████ Director, NAND Design who works in San Jose, California. ECF No. 35-1 at 2-3. Second, ██ ██████ Principal Design Engineer who works in San Jose, California. ECF No. 35-1 at 2-3. Finally, ██████ Senior Director, SBU & NAND CFO who works in San Jose, California. ECF

10

No. 35-1 at 2-3. Further, they point to one employee in Longmont Colorado, ████████ Director, Data Center SSD PDT Lead Longmont. ECF No. 35-1 at 2-3. Sonrai responds that similar to the employees in Idaho, none of these witnesses submitted declaration to establish relevance, and that substantial travel would be required to both District of Idaho and WDTX, so their convenience should be ignored.

Any employee who works in Northern California would be substantially more inconvenienced to travel to Waco rather than the District of Idaho. While it would be much easier for the Court to determine relevance if it had more information from Micron, ████████ and ████████ are plausibly relevant. ████████ is the SBU & NAND CFO, he has insight into the financials for the NAND accused products which makes him relevant. By the same token, ████████ is plausibly relevant because they are the Director of NAND Design (again an accused category of product). On the other hand, ████████ suffers from issues similar to ████████ and ████████ he is a Principal Design Engineer who supposedly is knowledgeable about the NAND charge pump circuit. However, Micron provides no information to the Court to help determine what aspects of the accused technology he works on, or what specific, relevant information that would make him a likely witness at trial. The Court does not factor ████████ into the overall analysis.

To the extent that ████████ may (or may not be relevant), the travel time and inconvenience of going to Waco and the District of Idaho are about equivalent. Sonrai even alleges that the distance to each location is substantially similar, the flight time is similar, and the cost of

traveling is also similar. ECF No. 35-1 at 3. To the extent that ███████ would be equally inconvenienced in either location, her convenience does not weigh in favor or against transfer.

"[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021- 170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). The Court finds that ███████ and ████ weigh against transfer, and the other two witnesses identified are neutral.

###### 4. Willing Third-Party Witnesses

Micron alleges that there are multiple third-party witnesses that are relevant in this case. It points to first, third party firmware suppliers for the accused SSDs. ECF No. 30 at 10. It generally alleges that the suppliers may have relevant and unique information regarding firmware. *Id.* Further, Micron indicates that it expects suppliers will be willing because it (1) has strong relationships with them and (2) have an interest in fighting infringement allegations against their products. *Id.* The third party suppliers are as follows: █████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ EF No. 35-1 at 3.[1] In its opposition, Sonrai notes that Micron fails to identify any actual witnesses, which it argues leaves does not leave the Court in a position to be able to analyze the relative convenience of any witnesses. ECF No. 59 at 12. The Court agrees that it is *possible* that Micron's third-party suppliers have witnesses that have relevant information to this case. However, Micron did not provide any witnesses for the Court to consider the convenience (and relevance) of, they simply provided companies. It is Micron's burden of proof to show (1) the location of the willing

---

[1] Additionally, the Court notes that ███████████████████████ company that states on its about us page that its primary R&D Center is in █████████████████████████████████████

witnesses, but also (2) "articulate the relevant and material knowledge" that the employees identified possess. As specified by the Federal Circuit, the Court may exclude employees that parties are "not at all specific about what testimony it expected to elicit" from an employee or even if that employee "possesses knowledge of the facts relevant to this infringement action". *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021). Here, Micron has not even done the initial step and pointed to witnesses, therefore the Court finds that the locations of these companies is irrelevant to the instant analysis because there is not a sufficient factual basis to support the claim.

Second, Micron points to three of the inventors of the '527 Patent Jon Cloutier, Richard Counts, and Henry Wurzburg who live in WDTX. ECF No. 30 at 10. It indicates that it is believed those witnesses will be willing because their assignment instruments require them to assist the assignees (and their assigns) with enforcing and protecting the patents and points to an assignment agreement for the patents. *Id.* Sonrai does not directly engage but seems to believe that they are unwilling witnesses and attempts to count them in the unwilling witness category. ECF No. 59 at 11-12. The Court agrees with Micron that the inventors are willing witnesses given their promise in the assignment instruments to assist with enforcing and protecting the patents. Further, they are decidedly relevant because all three inventors have substantial information about the invention, conception, and other issues directly related to validity and infringement. Given that they are located in Austin, the Court finds that these witnesses are relevant and would find WDTX more convenient than the District of Idaho.

Neither party disagrees that the inventors of the '241 patent who live in Italy would be equally inconvenienced to travel to either Waco or Idaho. *Id.*

To summarize, the Court finds that Micron identifies no relevant witnesses from its third party suppliers and the Court does not have enough information to assign weight to these unknown individuals. The Court finds that the two inventors of the '241 patent would be equally

inconvenienced and therefore neutral. The Court finds that the three inventors of the '527 patent are willing third party witnesses and located in Austin which weighs against transfer.

### 5. Conclusion

While Micron has identified four willing witnesses in the NDCA and Idaho, Sonrai has identified 9 willing witnesses in in the WDTX. The Court finds this factor weighs against transfer.

### ii. *The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

The Court acknowledges that the Fifth Circuit's decision in *In re Planned Parenthood* indicates a shift in the analysis of this factor. The Fifth Circuit has recently agreed with a district court that concluded that this factor is neutral because electronic evidence is equally accessible in either forum. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). The Fifth Circuit held that "[t]he location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *Id*. But the Federal Circuit has held that it is an error to conclude this factor is neutral because electronic documents are easily accessible in both forums. *In re Apple, Inc.*, No., 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022). To the extent that these two holdings can be reconciled, the Court concludes that the location of physical evidence is more important to this analysis than the location of where electronic documents are typically accessed.

Even so, the Court still considers the location of document custodians of electronic documents in its analysis of this factor. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

According to Micron, the District of Idaho is the location of the most sources of proof. It argues that the majority of Micron's potentially relevant documents and physical evidence are in cloud-based document storage or at its headquarters in Boise. ECF No. 30 at 11. Micron alleges that ███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████. ECF No. 35-2 ¶ 5. Further, it argues that documents relating to the 3D NAND products are ██████

███████████████████████████████████████████████████████████████████████

███████████████████████████. ECF No. 30 at 11-12. Finally, for both sets of accused products, Micron alleges ████████████████████████████████████████████████

████████████ *Id.* Sonrai responds that they specifically requested (through RFPs and Interrogatories) physical evidence that ██████████ and ██████████ reviewed in preparing their declarations and Micron produced/identified nothing in response. ECF No. 59 at 13. Micron responds that the fact they produced nothing does not indicate there is no evidence, and that there are archived documents that neither ██████████ and ██████████ reviewed. ECF No. 66 at 6.

Micron also attempts to argue that there is no relevant information in Austin because all of its employees are not relevant to the instant case and therefore there would be no relevant documents there. ECF No. 30 at 12. However, Sonrai responds that the engineers in Austin who conduct testing are relevant to the case (and the Court agrees as outlined in the Willing Witness factor) and thus likely have relevant documents. ECF No. 59 at 14-15. In addition, in response to a discovery requests regarding physical testing evidence in Austin, Micron produced documents

that substantiate the existence of physical evidence including ██████████████████ ████████████████ *Id.* Sonrai claims that the testing equipment would allow for verification of the inventions benefits. *Id.* at 16. Micron only responds that the testing witnesses are not relevant. ECF No. 66 at 3.

Micron also argues that the named inventors of the '527 patent likely have evidence where they are located, but the volume of the evidence the inventors have will be miniscule compared to Micron's evidence. *Id.* at 12-13. Sonrai does not dispute this, and the Court finds that this weighs slightly against transfer given that the inventors may have some relevant documents.

The Court finds that physical evidence does appear to be present in the WDTX, especially given the relevant testing that occurs in Austin and that the discovery responses by Micron showing that there is testing equipment in Austin that may be relevant. In contrast, in response to direct discovery requests and questions, Micron declarants could not produce and did not indicate that they reviewed any physical documents. Micron's explanation is less than satisfactory; that there are some archived physical documents that likely exist somewhere. The lack of specificity about even what types of physical documents might be archived casts doubt on if any such physical evidence exists and therefore the Court finds that the location of physical evidence in Idaho bears no weight on the analysis of this factor. *See EcoFactor, Inc. v. Google LLC*, No. 6-20-CV-00075-ADA, 2021 WL 1535413, at *2 (W.D. Tex. Apr. 16, 2021), aff'd, No. 2021-144 (Fed. Cir. Aug. 4, 2021) ("Google does not point with particularity to any relevant physical documents, nor does it confirm the existence of any physical documents located in the. NDCA. . . .As such, the Court is not persuaded by Google's vague and conclusory argument regarding physical documents.").

Turning to the electronic evidence, Micron does not allege that its electronic document system is not equally accessible in both WDTX and Idaho (and further says nothing about source

code accessibility). But more importantly, as discussed above, both Micron and Sonrai have identified relevant employees in the NDCA, Idaho, and the WDTX. The Court believes that all these employees are custodians of the relevant electronic documents. *See In re Google LLC*, No. 2021-178, 2021 WL 5292267, *2 (Fed. Cir. Nov. 15, 2021) (holding that it is an error to not "also consider[] the location of document custodians and the location where documents are created and maintained, which may bear on the ease of retrieval"). The Court concludes that this factor is weighs against transfer because relevant there are more relevant Micron employees in WDTX, third party inventors also reside in WDTX, and the only location where relevant physical evidence has been proven to exist is in WDTX.

### iii.    *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). But the Fifth Circuit has clarified that "the availability of the compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned*

*Parenthood Fed'n of Am., Inc.*, 52 F.4th at 630−31 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488 (6th Cir. 2016)).

Micron claims that this factor is neutral. They claim that there are no unwilling witnesses in either this District or the District of Idaho. ECF No. 30 at 9. The only know unwilling witnesses are the previous assignees of the asserted patents (including a company that eventually became Microchip Technology, with its principal place of business in Arizona, and Atmel, which has its principal place of business in California). *Id.* Sonrai responds that three inventors (Jon Cloutier, Richard Counts, and Henry Wurzburg) of the '527 patent are located in and around Austin, subject to WDTX subpoena power. For the reasons stated in the willing witness section, the Court considers them willing witnesses with relevant testimony. ECF No. 59 at 16.

Further Sonrai identifies Michael Cave and Mauricio Zavaleta are listed as inventors of U.S. Patent No. 5,563,779, which Micron has asserted as prior art in its invalidity contentions. *Id.* Sonrai represents that they attempted to communicate with all of the above witnesses and they were unable to receive affirmative assent from any witnesses that they would be willing to voluntarily provide testimony in this case. *Id. See also* ECF No. 59-1 ¶ 29.

The Court concludes that the compulsory process factor weighs very slightly against transfer. Here, the prior art has actually been asserted against Sonrai in Micron's invalidity contentions, and therefore information from the inventors is decidedly relevant to invalidity. In addition, Micron has attempted to contact the prior art witnesses, but has not heard from any of them that they would be willing to testify. It is a fact that both of these witnesses are within the subpoena power of this Court because they live in Austin, and would not be available in Idaho. Neither party has shown any indication that either inventor of the '779 patent is willing, so the Court must presume they are unwilling. *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1

(Fed. Cir. Sept. 25, 2018). Thus, this factor weighs slightly against transfer. Here, it has been alleged that they are unwilling, but it has not been shown that either witness is actually unwilling. ECF No. 59-1 ¶ 29.. Thus, under the Fifth Circuit's recent guidance, even though this factor disfavors transfer, the weight of this factor is diminished. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th at 630−31.

### iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . pertaining to the same underlying technology and accusing similar services, . . . the Federal Circuit cannot say the trial court clearly abuses its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d at 1346 n.3.

Sonrai argues that judicial efficiency would be substantially served because of co-pending (and prior litigations) litigations that have dealt with not just the same patents-in-suit but have allowed the Court to become intimately familiar with the asserted technologies. ECF No. 59 at 17. Regarding the '241 Patent, the Court first construed terms from that patent in *Sonrai Memory Ltd. v. Kioxia Corp.*, No. W-21-CV-00400-ADA, Dkt. No. 55 (W.D. Tex. Feb. 25, 2022). The Court has even more familiarity now after construing the terms again in *Sonrai Memory Limited v. Apple Inc.*, No. 6:22-cv-00787-ADA, Dkt. No. 53 (W.D. Tex. Apr. 6, 2023). Additionally, for the '527 Patent, the Court initially construed the claims in the *Kioxia* case, and construed the claims a

second time in *Sonrai Memory Limited v. Kingston Technology Company, Inc.*, No. 6-21-CV-01284-ADA-DTG, Dkt. No. 79 (W.D. Tex. Aug. 23, 2022). Micron argues that the co-pending litigation, should be discounted because the defendants are different (Apple v. Micron), the specific products are different (Micron SSDs and 3D NAND Products vs Apple products incorporating SK Hynix NAND Flash chips), there is not complete overlap in patents asserted, and different software is at issue (which also relates to a different patent asserted. ECF No. 30 at 15.

While Micron argues that the Federal Circuit has held co-pending litigation must be completely duplicative to outweigh the convenience factors. ECF No. 30 at 14. While this may be true (especially when the convenience factors point strongly in the opposite direction), that is not what this Court attempts to hold. For example, *In re Samsung Elecs. Co.* dealt with this Court inappropriately weighing judicial resource factor properly, and affording it enough weight to justify overriding major inconvenience to parties and witnesses. 2 F.4th 1371, 1379-80 (Fed. Cir. 2021). Importantly, the Federal Circuit even *agreed* that there were "incremental gains" in judicial efficiency even without complete overlap of the cases. *Id.*

The Court agrees with Sonrai that that this factor weighs strongly against transfer. The Court has become intimately familiar with patents and technology at issue in this case, especially given the two prior cases (and currently pending case) involving the same patents and technology at issue. While it is true that the parties are not completely overlapping (which obviously leads to the fact not completely overlapping), Micron cannot get around the fact conflicting rulings regarding the same patents wastes judicial resources all the same. Transfer to the District of Idaho, while the other case involving the same patent and questions proceed here, would create significant practical difficulties. Two courts ruling on the same patent asserted by the same plaintiff wastes judicial resources and risks inconsistent rulings on the patents-in-suit. Trying both cases in the

same court increases judicial economy. Moreover, the fact that this Court has already conducted a Markman hearing on both asserted patents also weighs against transfer. Accordingly, the Court holds that this factor weighs against strongly transfer but recognizes that this factor alone is not dispositive.

## B. The Public Interest Factors

### i. *Administrative Difficulties Flowing from Court Congestion*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.* The Federal Circuit recently concluded that this factor should not weigh against transfer when the plaintiff "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023).

Both parties agree that Sonrai does not engage in product competition. ECF No. 30 at 17-18; ECF No. 49 at 17-18. Therefore, the Court finds this factor neutral.

### ii. *Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of

an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit.*'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

Micron argues that Idaho has a local interest because Micron's headquarters are in Idaho, one of Idaho's largest employers, and where Micron carried out the research, design, and development of for *some* of the accused products. ECF No. 30 at 16. Micron argues that in addition, four Micron witnesses reside there and its sources of proof are there. *Id.* at 17. Sonrai responds that ███████ declaration is the primary location for the design and development of products should be ignored because he is a business development manager, and there is no evidence he worked on any accused products. ECF No. 59 at 13-14. Further, he only indicated that only *some* of the accused products were designed and developed in Idaho. *Id.* Finally Sonrai argues that highly relevant testing activity occurred in WDTX which weighs against transfer.

The Court finds that the District of Idaho likely has a local interest in this suit. Micron's principal place of business is in Idaho and some individuals who worked on the accused product

are likely located there. However, the Court also finds that the WDTX likely has a local interest in

this suit. Micron has an office in Austin, and has multiple individuals in Austin who worked on

testing the accused product (which were events giving rise to this suit). Because both the District

of Idaho and the WDTX likely have a local interest in the outcome of this litigation, the Court

finds this factor is neutral.

### iii. Familiarity of the Forum with the Law That will Govern the Case and the Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

Micron and Sonrai agree that both factors are neutral; both forums are familiar with the

law that will govern this case and there are no potential conflict of laws. ECF No. 30 at 18; ECF

No. 59 at 19. The Court agrees.

## IV.     CONCLUSION

Having considered the private and public interest factors, the Court finds that 4 of the

factors are neutral, and 4 factors weigh against transfer to the District of Idaho. A decision to

uproot litigation and transfer is not the consequence of a simple math problem. Instead, a moving

party must show that the transferee forum is a *clearly* more convenient forum. Here, cost of

attendance for willing witnesses, relative ease of access to sources of proof, availability of

compulsory process, and all other practice problems weigh against transfer. As stated by the

Federal Circuit multiple times, the most important factor in the transfer analysis is the convenience

of the witnesses which weighs against transfer in this case. *In re Genentech, Inc.*, 566 F.3d 1388,

1342 (Fed. Cir. 2009). Micron has failed to meet its burden of showing that the District of Idaho

is a clearly more convenient forum than the WDTX.

**IT IS THEREFORE ORDERED** Micron's Request to Transfer Venue to the District of

Idaho is **DENIED (**ECF No. 30). Because both parties agree that the Austin division is move

convenient, the Court **GRANTS** transfer to the Austin Division of the Western District of Texas.

**IT IS FURTHER ORDERED** that the above-styled case be **TRANSFERRED** to the Austin Division of the Western District of Texas, but remain on the docket of United States District Judge Alan D Albright.

**SIGNED** this 14th day of November, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE